UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH DOMINIQUE, | ) |
| | ) |
| Petitioner, | ) CASE NO.   C08-218-RSM-MAT |
| | ) (CR06-110-RSM) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) REPORT AND RECOMMENDATION |
| | ) |
| Respondent. | ) |

## INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The government has filed a response, to which petitioner has not filed a reply. Having considered the parties' submissions, and the balance of the record, the Court concludes that petitioner's motion should be denied for the reasons set forth below.

## BACKGROUND

After being arrested in March of 2006, petitioner pled guilty to one count of conspiracy to distribute oxycodone. (Dkt. No. 76 in Case No. CR06-110-RSM). A sentencing hearing was held on December 15, 2006 before United States District Judge Ricardo S. Martinez. The government recommended a sentence of 155 months' imprisonment. (Dkt. No. 87). Petitioner requested a sentence of 48 months, followed by three years of supervised release. (Dkt. No. 90). The district court imposed a sentence of 84 months. (Dkt. No. 95). According to the

REPORT AND RECOMMENDATION
PAGE 1

government, the district court imposed a short sentence in part out of concern for petitioner's health.[1]

Petitioner filed a direct appeal on December 29, 2006. (Dkt. No. 97). However, on January 18, 2007, petitioner signed a pleading indicating her consent to a voluntary dismissal of the appeal. (Dkt. No. 6 in Case No. C08-118, Ex. 2). Petitioner's lawyer, Nancy Tenney, Assistant Federal Public Defender, filed petitioner's consent with a motion for voluntary dismissal in the Ninth Circuit, which granted the motion and dismissed petitioner's appeal on February 5, 2007. (Dkt. No. 125 in Case No. CR06-110).

On February 8, 2008, petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (Dkt. No. 1 in Case No. C08-218). On February 12, 2008, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Dkt. No. 4). The government filed its response to petitioner's § 2255 motion on March 26, 2008. (Dkt. No. 6). Petitioner has not filed a reply and the matter is now ready for review.

DISCUSSION

In her § 2255 motion, petitioner raises two claims for relief: "Violation of Reight [sic] to Appeal Her Case," and "Violation of Constitutional Rights." (Dkt. No. 1 at 5 and 6). Petitioner does not describe these claims further in the motion itself, but in the memorandum and affidavit attached to the motion, petitioner appears to base her claims primarily on her counsel's alleged failure to file an appeal. (Dkt. No. 1, Affidavit at 1). The government argues that (1) petitioner filed this § 2255 motion beyond the one-year statute of limitations; (2) petitioner is procedurally

---

[1] In her sentencing memorandum to Judge Martinez, petitioner stated that she suffers from osteomyelitis in her leg, a condition which makes her "unable to work and . . . forced to live in chronic pain." (Dkt. No. 90 at 1). In the affidavit that she attaches to the instant § 2255 motion, petitioner asserts that this condition has deteriorated during her incarceration. (Dkt. No. 1, Affidavit at 2).

REPORT AND RECOMMENDATION
PAGE 2

barred from raising these claims; and (3) even if the claims were reviewable by this Court, they lack merit. (Dkt. No. 6 at 7-9). Assuming without deciding that the petition is timely, the Court finds that the government's third argument is persuasive, and therefore need not address the second.[2]

Petitioner argues, in essence, that her counsel was ineffective because she failed to appeal her sentence. Claims of ineffectiveness of counsel are reviewed according to the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). In order to prevail, petitioner must establish two elements. First, she must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, she must establish that she was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the realm of appellate counsel, the Supreme Court has held that counsel has no constitutional obligation to raise every issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "A failure to raise untenable issues on appeal does not fall below the *Strickland* standard." *Turner*, 281 F.3d at 872.

Here, petitioner cannot show that her counsel was ineffective for failing to file an appeal because the record shows that counsel did file an appeal. The appeal was later dismissed, with petitioner's consent. (Dkt. No. 6 in Case No. C08-118, Ex. 2). Petitioner does not argue nor suggest why her prior consent should not be given weight by the Court. Accordingly, the Court

---

[2] The Court notes in passing, however, that the Ninth Circuit has held that claims of ineffective assistance of counsel that are not raised on direct appeal are not procedurally barred and indeed should be raised via a § 2255 motion. *See United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988) (holding that such a claim is better suited to a § 2255 motion than to a direct appeal because a § 2255 motion "permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.").

REPORT AND RECOMMENDATION
PAGE 3

finds that the factual basis for her claim is unfounded and petitioner has failed to meet the first prong of the *Strickland* test.

In addition, the Court notes that petitioner does not satisfy the "prejudice" prong of *Strickland* either. Petitioner does not present any issues that would have been meritorious had her counsel continued with her appeal. Rather, her pleadings here state simply that she is "truly remorseful for [her] crime" and that she continues to have health problems. (Dkt. No. 1, Affidavit at 2). These concerns were addressed by the district court in sentencing petitioner and she does not show now how that court erred nor how these issues could have led to a favorable outcome before the Ninth Circuit. Therefore, petitioner does not show that she was prejudiced by the dismissal of her appeal, and thus fails to show any prejudice under *Strickland*.[3]

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, lacks merit and should be denied. A proposed Order is attached.

DATED this 9th day of May, 2008.

_____
U.S. Magistrate Judge, Mary Alice Theiler

---

[3] Petitioner refers briefly in her memorandum to a claim that her right to due process was violated because she was sentenced based upon materially incorrect information. (Dkt. No. 1, Memorandum at 13). However, she does not specify the information that was incorrect. Moreover, the Court notes that, at sentencing, petitioner's counsel did challenge the Probation Office's recommendation of a firearm enhancement as factually incorrect, and counsel was successful. (Dkt. No. 90 in Case No. CR06-110, at 3-4).

REPORT AND RECOMMENDATION
PAGE 4